IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GRANT,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICER HARO; OFFICER MENDEZ; SERGEANT P. GARCIA; WARDEN M. **BITER; E.J. BORLA; C. BALLARD**<br><br>    Defendants. | No. C 20-6562 WHA (PR)<br><br>**ORDER OF SERVICE AND PARTIAL DISMISSAL** |

## INTRODUCTION

Plaintiff is a California prisoner who filed this pro se complaint under 42 U.S.C. § 1983 against prison officials for violating his constitutional rights. For the reasons discussed below, certain claims are **DISMISSED** for failure to state a cognizable claim for relief, and the complaint is ordered served upon certain defendants based upon plaintiff's cognizable claims. Leave to proceed in forma pauperis is granted in a separate order.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which a plaintiff seeks to proceed in forma pauperis ("IFP"). 28 U.S.C. § 1915(e). In its review the court must dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at § 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

Plaintiff alleges that defendants Correctional Officers Haro and Mendez assigned him a cellmate with a history of violence and gang-affiliation, and whom they knew posed a threat to plaintiff's safety. These allegations, when liberally construed, state a cognizable claim for the violation of his Eighth Amendment rights.

Plaintiff claims that Haro and Mendez used excessive force against him by forcing him to wait in an unsanitary shower area for 45 minutes while they searched his cell. There is no allegation, however, that they used any force against him, let alone force that would be considered excessive under the Eighth Amendment. In addition, temporarily placing plaintiff in an unsanitary shower for 45 minutes, even with plaintiff's arthritis, was not a sufficiently serious deprivation to amount to cruel and unusual punishment under the Eighth Amendment. *Cf. Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir. 1995) (temporary placement in safety cell that was dirty and smelled bad did not implicate the Eighth Amendment).

2

Plaintiff also alleges that Haro and Mendez improperly confiscated some of his personal property. Neither the negligent nor intentional deprivation of property states a due process claim under section 1983 if the deprivation was random and not authorized by state law. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895). If the deprivation of property was in fact authorized by state law, however, the availability of a post-termination tort action does not necessarily provide due process. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 435-37 (1982). Defendants' allegedly unauthorized confiscation of plaintiff's personal property did not implicate his right to due process.

Plaintiff alleges that supervisory defendants Sergeant Garcia, Warden M. Biter, E.J. Borla, and C. Ballard reviewed and denied plaintiff's administrative grievances, and in so doing they approved of the above-described violations of his rights by Haro and Mendez. When liberally construed, such allegations state a cognizable claim for the involvement of Garcia, Biter and Borla in failing to protect plaintiff from a dangerous cellmate, in violation of plaintiff's Eighth Amendment rights.

**CONCLUSION**

For the reasons set out above,

1. The claim for failing to protect plaintiff from a dangerous cellmate is, when liberally construed, cognizable. All other claims are **DISMISSED**.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint with all attachments thereto, and a copy of this order upon defendants **Correctional Officer Haro, Correctional Officer Mendez, Sergeant P. Garcia, Warden M. Biter, E. J. Borla, and C. Ballard** at **Salinas Valley State Prison.** A courtesy copy of the complaint with attachments and this order shall also be mailed to the

3

California Attorney General's Office.

3. Defendants **shall** file an answer in accordance with the Federal Rules of Civil Procedure.

4. In order to expedite the resolution of this case:

    a. No later than **91 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

    c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

    e. Along with his motion, defendants shall file proof that they served plaintiff the *Rand* warning at the same time they served him with their motion. Failure to do so will result in the summary dismissal of their motion.

5. All communications by the plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or their counsel.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

Plaintiff is reminded that state prisoners inmates may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the court.

7. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: November  20 , 2020.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.