IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK GRANT,<br><br>    Plaintiff,<br><br>  v.<br><br>OFFICER HARO; OFFICER MENDEZ; SERGEANT P. GARCIA; WARDEN M. BITER; E.J. BORLA; C. BALLARD<br><br>    Defendants. | No. C 20-6562 WHA (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## INTRODUCTION

Plaintiff, a California prisoner, filed this pro se civil rights case under 42 U.S.C. § 1983 against officials at Salinas Valley State Prison. Following initial review of the Complaint, plaintiff's claims against defendants Correctional Officers Haro and Mendez, Sergeant P. Garcia, and E.J. Borla, for violating his Eighth Amendment rights by failing to protect him from harm from another inmate were found cognizable. These defendants (hereinafter referred to as "defendants" unless otherwise specified) filed a motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that the Complaint does not state a cognizable claim for relief. Plaintiff has not opposed the motion, though he was granted the opportunity to do so. For the reasons discussed below, the motion is **GRANTED**.

## STATEMENT

According to the allegations in the Complaint and its attachments:

In August 2019, plaintiff met a new prospective cellmate at the door of his cell and asked him if he had any gang affiliation. The inmate replied that he was affiliated with a gang, and plaintiff refused him entry "because of the inherent violence that follows" from having a gang-affiliate cellmate. Haro and Mendez told plaintiff they were compatible and tried to convince plaintiff to accept the inmate as his cellmate, to no avail. Plaintiff filed an administrative grievance complaining about the attempt to assign the inmate to his cell. Defendants Garcia and Borla investigated the matter and denied the grievance. Plaintiff's Eighth Amendment claims against these defendants is that they endangered him by attempting to assign him a gang-affiliated inmate as a cellmate.

**ANALYSIS**

**A.     STANDARD OF REVIEW**

Judgment on the pleadings is proper when the moving party establishes "on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is generally evaluated on the same legal standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *Lopez Reyes v. Kenosian & Miele, LLP*, 525 F. Supp. 2d 1158, 1160 (N.D. Cal. 2007).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires . . . enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or

documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.* A *pro se* pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**B.    DISCUSSION**

Plaintiff claims that defendants violated his Eighth Amendment rights by attempting to assign him an inmate with a gang affiliation, and by denying his administrative complaints about said attempt.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id.* at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837.

The allegations, even if assumed to be true and liberally construed in plaintiff's favor, do not establish that Haro and Mendez knowingly put plaintiff in harm's way. Plaintiff never shared a cell with the inmate whom he believed posed a threat to him, nor did the inmate ever cause any harm to plaintiff. While a prisoner need not wait until he is actually assaulted or harmed to state a claim and obtain relief. See Farmer, 511 U.S. at 845, there is no allegation indicating that there was any likelihood that the inmate would harm plaintiff, such as that the

inmate ever threatened to harm plaintiff, the inmate had ever committed violence, that he had any history of animosity or violence with plaintiff, or that plaintiff was affiliated with any rival gang or had any particular likelihood of being targeted by the inmate. Plaintiff has not suggested in opposition papers or in his pleadings that he could make such allegations in good faith if given leave to amend. Plaintiff's belief that the inmate might be dangerous was based solely on plaintiff's generalization that all inmates with gang affiliations are inherently dangerous. Such a generalization is not enough to establish that the inmate actually posed a threat to plaintiff, and it certainly is not sufficient to establish that defendants "knew" that the inmate would endanger plaintiff by sharing a cell with him.[1] Even if defendants knew, as plaintiff alleges, that the inmate was affiliated with a gang, this does not mean that they knew he was a danger to plaintiff. If that were the case, then prison officials would be prohibited by the Eighth Amendment from ever assigning a gang-affiliated inmate to share a cell with another inmate, even where there is no history of violence, threat, animosity, or particularized evidence of danger. There is no authority to support such a blanket rule.

    As a result, plaintiff has not stated a cognizable claim for relief against defendants Mendez and Haro under the Eighth Amendment. The liability of Garcia and Borla is based on their approval of the actions of Mendez and Haro. As the alleged actions of Mendez and Haro did not violate the constitutionl, neither did the approval of those actions by Garcia and Borla.

//
//

---

[1] The statement in the Order of Service that plaintiff alleged that the cellmate had a history of violence about which defendants knew was wrong. Plaintiff alleged simply that by virtue of his gang affiliation, about which defendants knew, the prospective cellmate was dangerous, not that he had committed any acts of violence.

4

**CONCLUSION**

For the reasons set out above, defendants' motion for judgment on the pleadings is **GRANTED**. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 21, 2021.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE